**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
THOMAS GESUALDI, ANTHONY
D'AQUILA, LOUIS BISIGNANO, ANTHONY
PIROZZI, DOMINICK MARROCCO, JOSEPH
FERRERA, FRANK FINKEL, MARC                          **ORDER**
HERBST, DENISE RICHARDSON, and                      11-cv-4082 (ADS)(AKT)
THOMAS CORBETT, as Trustees and
Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training and Vacation and Sick
Leave Trust Funds,

                        Plaintiffs,

                    -against-

MAGNOLIA P R O TRUCKING INC.,

                        Defendant.
-------------------------------------------------------X

**APPEARANCES:**

**Trivella & Forte LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue
Suite 170
White Plains, NY 10605
        By:    James Robert Grisi, Esq.
               Seth Ptasiewicz, Esq., of Counsel

**Kaufman Borgeest & Ryan LLP**
*Attorneys for the Plaintiffs*
120 Broadway, 14th Floor
New York, NY 10271
        By:    Julie Ann Rivera, Esq., of Counsel

**NO APPEARANCE:**

Magnolia P R O Trucking

**SPATT, District Judge.**

        The Plaintiffs commenced this action on or about August 23, 2011, asserting claims

against the Defendant Magnolia PRO Trucking Inc. ("Magnolia") for injunctive and monetary

relief pursuant to Sections 502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.  On November 22, 2011, the Clerk of the Court noted the default of the Defendant, and on that same day, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether injunctive relief and damages should be awarded, including reasonable attorney's fees and costs.

On June 8, 2012, Judge Tomlinson issued a thorough Report recommending that the Court enter default judgment against the Defendant Magnolia.  In total, she recommended that $170,120.01 in damages be awarded to the Plaintiffs, plus $103.98 for each day after October 27, 2011, until judgment is entered.

First, Judge Tomlinson recommended that Magnolia should be liable to the Plaintiff for a total amount of $118,543.75 in unpaid employee benefit contributions for the relevant time period.  In particular, Judge Tomlinson provided a breakdown of the contributions owed to each individual Fund.  With regard to Tier A employees, the unpaid contributions to each Fund owed by Magnolia for the period of January 4, 2010 through February 28, 2011 was recommended as: (1) $33,003.59 for the Welfare Trust Fund; (2) $28,308.55 for the Pension Trust Fund; (3) $32,441.56 for the Annuity Trust Fund; (4) $470.92 for the Job Training Trust Fund; and (5) $10,976.02 for the Vacation and Sick Leave Trust Fund, for a total of $105,200.64.  With regard to Tier B employees, the unpaid contributions to each Fund owed by Magnolia for the period of January 4, 2010 through February 28, 2011 was recommended as: (1) $5,471.75 for the Welfare Trust Fund; and (2) $7,871.35 for the Pension Trust Fund, totaling $13,343.10.

Second, Judge Tomlinson recommended that the Plaintiffs be awarded interest in the amount of $20,821.10 for Tier A and $2,107.61 for Tier B, for a total interest in the amount of $20,821.10, with additional interest to accrue each day after October 28, 2011 until judgment is entered, at a daily rate of $51.99.  Third, she recommended that the Plaintiffs be awarded $22,928.71 in liquidated damages, plus additional liquidated damages in the amount of $51.99 for each day after October 27, 2011 until judgment is entered.  Fourth, Judge Tomlinson recommended that the Plaintiffs be awarded $4,430.00 in attorney's fees; $700.00 in audit costs; and $588.85 in costs and disbursements.  Finally, Judge Tomlinson noted that although the Plaintiffs originally sought injunctive relief compelling the Defendant to submit to an audit of its relevant books and records, the Plaintiffs no longer this requested this relief in their motion for a default judgment.  Therefore, Judge Tomlinson did not reach this issue and the Court now deems this request to be withdrawn.  To date, no objection has been filed to Judge Tomlinson's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Tomlinson's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Tomlinson's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the Defendant in the amounts recommended by Judge Tomlinson, namely (1) $118,543.74 in unpaid contributions; (2) $22,928.71 in interest on the unpaid contributions through October 27, 2011, with additional interest accruing at a daily rate of $51.99 until judgment is entered; (3) $22,928.71 in liquidated damages, plus additional liquidated damages in the amount of $51.99 for each day after October 27, 2011 until judgment is entered; (4) $4,430.00 in attorney's fees; (5) $700.00 in audit fees; and (6) $588.85 in costs and disbursements; for a total monetary award of $170,120.01 in damages, plus $103.98 for each day after October 27, 2011, until judgment is entered; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
September 11, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge